### 6817.  BELL *v.* REYNOLDS.

HODGES, J. 1. The action was for the recovery of a horse, and the plaintiff tendered in evidence certain entries endorsed on a promissory note payable to the defendant. The note recited that it was "for purchasemoney for" the horse, and it contained a stipulation that title to the horse should remain in the payee until payment of the note. The entries tendered in evidence read as follows: "Georgia, Hancock county. Clerk's office Superior Court. Filed for record 5 o'clock p. m., May 8th, 1912. Recorded Book 33, page 299, May 8th, 1912." Signed by the clerk. "Horse returned April 19, 1912. Note is hereby cancelled." Signed by the payee. Counsel for the defendant objected to the introduction of the entries unless the entire note was offered. Counsel for the plaintiff stated that the paper was offered only for the purpose of showing the two entries, and not for all purposes. The court thereupon stated that it was admitted "for all purposes;" and to this the plaintiff excepted. *Held:* There was no error in so ruling. By themselves the two entries offered would have been unintelligible and inadmissible. All of the written instrument necessary to make the same intelligible to the jury was admissible.

2. There was no error in the charge of the court with reference to the terms and conditions of the note and its force and effect. The instructions of the court were not in effect a direction of a verdict.

3. The verdict being supported by evidence and approved by the trial judge, this court will not interfere on the ground that it was contrary to law and the evidence.

4. The remaining ground of the motion for a new trial, not being insisted on in the brief of counsel for the plaintiff in error, is treated as abandoned.                    *Judgment affirmed.*

DECIDED JUNE 28, 1916.

Trover; from city court of Sparta—Judge Moore.    June 17, 1915.

*Burwell & Fleming,* for plaintiff.    *R. L. Merritt,* for defendant.